UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION



FILED
OCT 30 2012

******************************************************************************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 12-10026 (01) |
| Plaintiff, | * | |
| -vs- | * | ORDER |
| JUAN CARLOS RIVERA, | * | |
| Defendant. | * | |

******************************************************************************

Defendant filed an affidavit requesting my recusal from this proceeding pursuant to 28 U.S.C. § 144. Defendant contends that I have a personal bias against him, which is a basis for recusal under 28 U.S.C. § 455(b)(1). Defendant alleges that at the change of plea hearing on September 4, 2012, I told him that if he was found guilty, "he would receive the maximum sentence." I have listened to the recorded audio of said proceeding and at no time did I tell defendant that if he was found guilty he would receive the maximum sentence.

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The issue is "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." In re Kan. Pub. Ret. Sys., 85 F.3d 1353, 1358 (8th Cir. 1996). "In order to 'establish bias or prejudice from in court conduct,' a party must show 'the judge had a disposition so extreme as to display a clear inability to render a fair judgment.'" Am. Prairie Const. Co. v. Hoich, 560 F.3d 780, 790 (8th Cir. 2009) (quoting United States v. Denton, 434 F.3d 1104, 1111 (8th Cir. 2006)). A trial judge "must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case." In re Kan., 85 F.3d at 1358 (quoting In re Drexel, 861 F.2d 1307, 1312 (8th Cir. 1988)).

Defendant has failed to meet his "substantial burden" of proving this court's partiality. Id. After searching the courtroom audio recording on that day for the period of the hearing—from approximately 4:00 P.M. until 4:10 P.M.—I found no indication that I said those words or any deriviation thereof. Moreover, saying these words would clearly violate my responsibility under the law to not prejudge a defendant's sentence before a finding of guilt, or by not considering all of the facts surrounding "the nature and circumstances of the offense" before rendering a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense. 18 U.S.C. § 3553(a).

Now, therefore,

IT IS ORDERED that defendant's request for recusal as contained in his affidavit, Doc. #31, is denied.

Dated this 29th day of October, 2012.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY
(SEAL)